# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**SILVIA RODRIGUEZ**                         **CIVIL ACTION NO.**

**VERSUS**
                                            **DISTRICT  JUDGE:**
**WAFFLE HOUSE, INC., ABC**
**INSURANCE COMPANY,**
**and BRITTNEY C. ROBINSON**                **MAGISTRATE JUDGE:**


                                            **JURY TRIAL**

---

## NOTICE OF REMOVAL

Defendant, Waffle House, Inc. (hereinafter "Waffle House"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 hereby removes the matter entitled *Silvia Rodriguez v. Waffle House, Inc., ABC Insurance Company, and Brittany C. Robinson,* Docket No. 2021-1443, Division E pending in Civil District Court for the Parish of Orleans, State of Louisiana (the "State Case"), to the United States District Court for the Eastern District of Louisiana, and  respectfully represents that:

## FACTUAL AND LEGAL BASES FOR REMOVAL

1.      The basis for removal of this case is that the parties are diverse in their respective citizenships.

2.      A defendant may remove despite the presence of a nondiverse defendant by showing that the nondiverse party was joined fraudulently due to plaintiff's inability to establish a claim under state law against the nondiverse defendant or due to fraud in the pleading of jurisdictional facts. See, e.g., *Melder* v. *Allstate Corp.,* 404 F.3d 328, 329 (5th Cir. 2005).

3.      28 U.S.C. § 1441 provides that, "any civil action, brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[1]

4.      Venue for removal is proper in this District pursuant to 28 U.S.C. § 1446(a).[2]

5.      This Notice of Removal is being filed within 30 days of receipt of the Petition for Damages wherein complete diversity of citizenship is lacking on the face of plaintiff's complaint.[3]

## DIVERSITY OF CITIZENSHIP

6.      On February 17, 2021, Plaintiff, Silvia Rodriguez ("Plaintiff"), commenced the captioned action by filing a Petition for Damages (hereinafter the "Petition") in the Civil District Court for the Parish of Orleans, State of Louisiana.[4]  Plaintiff named as defendants in the Petition Waffle House Inc., ABC Insurance Company, and Brittney C. Robinson ("Robinson"), incorrectly spelled in Petition as Brittany.[5]

7.      Plaintiff served Waffle House Inc. on  March 3, 2021. Robinson has not been served.

8.      Plaintiff asserts that she is a citizen of Louisiana.[6]  Accordingly, Plaintiff is a citizen of the State of Louisiana for the purposes of diversity jurisdiction.

9.      Plaintiff asserts that Brittney C. Robinson is a citizen of Louisiana.[7] Accordingly, Defendant is a citizen of the State of Louisiana for the purposes of diversity jurisdiction.

---

[1] 28 U.S.C. § 1441.
[2] 28 U.S.C. § 1446(a).
[3] Exhibit "A" Plaintiff's Petition for Damages
[4] Exhibit "A" Petition for Damages
[5] Exhibit "A" Petition for Damages, paragraph I.  Defendants do not concede any of Plaintiff's allegations and deny that Defendants are liable for Plaintiff's claimed damages.
[6] Exhibit "A"  Petition for Damages, page 1.
[7] Exhibit "A"  Petition for Damages, page 1.

10.     Waffle House Inc. is a foreign corporation, incorporated under the laws of Georgia, and having its principal place of business located in Norcross, GA.[8]  In the Petition, Waffle House Inc. is incorrectly alleged as having its principal place of business in Louisiana.[9]

11.     ABC Insurance Company is named as a Defendant, but no service has been requested on ABC Insurance Company, and on information and belief, ABC Insurance Company is a fictional entity and no further proceedings can be made against this fictional defendant.

12.     When a party designates in a complaint an "unknown payee" under statute providing that citizenship of defendants sued under fictitious names was disregarded in determining whether civil action was removable on the basis of jurisdiction. 28 U.S.C.A. §§ 1332 (a), 1441 (b)(1).

13.     Complete diversity of citizenship does not  exist on the face of the Petition between Plaintiff and Defendants on April 5, 2021, the time of removal because Plaintiff and defendant Robinson are both citizens of Louisiana for diversity purposes.  However, defendant Robinson has no rational connection to the claim made by the Plaintiff and should not be a party to these proceedings.  Accordingly, her citizenship cannot be used to defeat diversity.

## THE CLAIMS PRESENTED

14. In her Petition, Plaintiff alleges that on or about March 1, 2020 Plaintiff slipped on vomit as she was leaving the Waffle House.[10]

15.  Plaintiff further alleges that Robinson was the manager on or about March 1, 2021, the day of the alleged accident.[11]

16.  Although it lists nine (9) different elements of damages, Plaintiff's Petition does not

---

[8] Exhibit "B" Reports from Georgia Secretary of State
[9] Exhibit "A"  Petition for Damages, page 1 paragraph 1 A.
[10] Exhibit "A"  Petition for Damages, page 3.
[11] Exhibit "A"  Petition for Damages, page 3.

indicate any monetary amount sought, nor does it indicate whether the Plaintiff seeks damages above or below the $75,000 amount in dispute required for federal court jurisdiction.

## REMOVAL TIMELINESS

17.     28 U.S.C. § 1446(b) governs the timeliness of removal.  It provides that removal be filed within thirty days (30) after receipt of the initial pleadings, assuming the initial pleadings meet the "facially apparent" test.

18. This removal is being filed within thirty (30) days of March 3, 2021, the date of service of the Petition for Damages.

## IMPROPER JOINDER

19. It is well-settled under Louisiana law, that, in order for an individual employee, like Robinson in our case, to be liable to a third person, the Plaintiff must demonstrate that the employee breached an independent personal duty to her.  See *Brady v. Wal-Mart Stores* Inc., 907 F. Supp. 958 (M.D. La 1995).

20.     La. Code Civ. P. art. 463 provides the rule governing joinder. It states that parties may be joined in the same suit if (1) there is a community of interest between the joined parties, (2) the cumulated actions are within the court's jurisdiction and venue is properly laid, and (3) the actions are mutually consistent and employ the same form of procedure.

21.     La. Code Civ. P. art. 461 provides the rule governing cumulation of actions.  It states that cumulation of actions is the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants.

22.     The Louisiana Supreme Court has stated that a "community of interest" exists when "the parties' causes of actions (or defenses) arise out of the same facts, or present the same factual

and legal issues.'" *Stevens v. Bd. of Trustees of Police Pension Fund of City of Shreveport,* 309 So. 2d 144, 147 (La. 1975).

23.     However, a defendant may remove despite the presence of a nondiverse defendant by showing that the nondiverse party was joined fraudulently due to plaintiff's inability to establish a claim under state law against the nondiverse defendant or due to fraud in the pleading of jurisdictional facts. See, e.g., Melder v. Allstate Corp., 404 F.3d 328, 329 (5th Cir. 2005).

24.     In *Tapscott* v. *MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996), the Eleventh Circuit recognized the possibility of fraudulent joinder when a diverse defendant is joined with a nondiverse defendant and the claim against the diverse defendant has no rational connection to the claim against the nondiverse defendant.

25.     Under *Tapscott,* only "egregious" misjoinder of parties with no real connection to each other, and not "mere" misjoinder, constitutes fraudulent joinder. Id. at 1360.

26.     *In re Benjamin Moore & Co.,* 309 F.3d 296 (5th Cir. 2002), the Fifth Circuit stated that a district court in its jurisdictional determination should consider whether misjoinder of a nondiverse party can defeat diversity jurisdiction.

27.     In determining whether plaintiff's joinder of the nondiverse defendants was fraudulent under *Tapscott*, the Court will apply Louisiana's joinder rules. See *Davis v. Cassidy,* Civ. A. No. 11- 1563, 2011 WL 6180054, at 3 (E.D. La. Dec. 13, 2011) ("As plaintiff here brought her action in state court and was required to follow state joinder rules in so doing, these state rules remain the relevant ones to determine the propriety of joinder in the Court's analysis of whether removal to federal court was warranted.").

28.     In this case, *Tapscott* is factually similar because Plaintiff's Petition for Damages fraudulently joined a diverse defendant, Waffle House Inc., with a nondiverse defendant,

Robinson. The claim against the diverse defendant has no rational connection to the claim against the nondiverse defendant. Defendant further alleges that the joinder of Robinson is egregious and not a mere misjoinder because Robinson was not the manager on duty the day of the incident, was not even working the day of the alleged accident, and has no knowledge of the facts alleged in the Petition.[12] In the attached sworn affidavit of Brittney Robinson, she affirms that:

1. She was not the manager on duty nor a salaried employee;

2. She did not work on or about Sunday, March 1, 2020 the day of the alleged incident.

3. She has no personal knowledge of the facts contained in the Petition for Damages; and

29.    Terra Tanner, Waffle House's Internal Investigations Supervisor, corroborated the fact that Robinson did not in fact work at Waffle House Unit 2196, located at 2500 Canal Street, New Orleans, Louisiana 70119 on March 1, 2020, as evidenced by the Waffle House Inc. In/Out Weekly Employee Report attached to her affidavit.[13]

## AMOUNT IN CONTROVERSY BURDEN OF PROOF

30. Where the amount of damages is not stated with specificity, the removing defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[14]

31. "The removing party can satisfy this burden in two ways: (1) it must establish that it is 'facially apparent' from the complaint that the claims likely exceed $75,000, or (2) it must present 'summary judgment-type' evidence through the removal petition or accompanying affidavit, showing the amount in controversy is met."[15]

---

[12] Affidavit of Brittney C. Robinson  - Exhibit "C"
[13] Affidavit of Waffle House Internal Investigations Supervisor Terra Tanner – Exhibit "D1 - D2"
[14] *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[15] *Lafayette City-Parish Consol. Gov't v. Chain Elec. Co.*, 2011 U.S. Dist. LEXIS 110182, *17 (W.D. La. Sept. 22, 2011) (citing *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); and, *Allen, supra,* 63 F.3d at 1335 (5th Cir. 1995)).

32.   Courts have held that a defendant's conclusory damage allegations are not necessarily sufficient to establish whether the requisite amount is present.[16]   Rather, "summary-judgment" type evidence can be required.

33. Here, Plaintiff alleges nine (9) different elements of damages incurred including temporary and permanent disabilities, and alleges her damages exceed the requisite amount required to establish the right to trial by jury, suggesting that it is facially apparent from the Petition that the claims likely exceed $75,000.  Further, Defendant establishes the amount in controversy via "summary judgment type" evidence. [17]  See LA C.C.P. Art. 1732 (A).

34. While Plaintiff did not, per Article 893(A)(1), expressly plead whether the amount of money damages sought exceeds or is less than the requisite amount, Plaintiff's counsel emailed undersigned counsel on 03/22/2021 at 11:17 AM and notified undersigned counsel that Plaintiff had a L4-L5 ESI performed.[18]  Following a phone conversation, undersigned counsel confirmed via email to plaintiff counsel that Plaintiff had an MRI and also claims injuries to her cervical and lumbar spine, specifically two (2) bulges in her neck, and an tear of her lumbar disc at L4-L5.[19]

35.   When a Plaintiff's demand does not specify the specific amount of damages, items of injury can plainly suggest that the jurisdictional amount is present.  See *Tauzier v. Dodge*, CIV. A97-2444, 1998 WL 227170 (E.D. La. May 5, 1998).

---

[16] See, *De Aguilar II*, 47 F.3d 1404, 1412 (5th Cir. 1995).
[17] *See Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D.La. Dec. 19, 2014), quoting from *Broadway v. Wal-Mart Stores*, No. 00-1893, 2000 WL 1560167, at *2 (E.D.La. Oct. 18, 2000) "When…the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'"
[18] Email correspondence from plaintiff counsel, Scott W. Smith  - Exhibit E – F"
[19] Email from undersigned counsel to plaintiff counsel, Scott W. Smith – Exhibit E-F"

36.   In *Dauzat v. Canal Ins. Co.,* 96-1261 (La.App. 3 Cir. 4/9/97); 692 So.2d 739, wherein the court held that the damage award of $100,000 was lowest reasonable award in negligence action to compensate for motorist's pain and suffering as result of lumbar disc herniation.

37.   In *Sanderford v. Lombard,* 96-1171 (La.App. 4 Cir. 12/11/96), 685 So.2d 1162 Plaintiff was awarded $105,000 in general damages for injuries sustained to her lower back, which resulted in bulging disc.

38.   In *Luwisch v. American Marine Corporation* U.S. District Court – Eastern District of Louisiana 2:17-cv-03241, Plaintiff suffered an aggravation of a pre-existing asymptomatic cervical and lumbar herniation.  Plaintiff was awarded $90,000 in general damages.

39.   In *Perez v. State, 99-1753* (La.App. 4 Cir. 01/26/00), 753 So.2d 913 plaintiff was awarded $150,000 in general damages for injuries suffered to her head, neck and lower back.

40.   For this reason, Defendant submits that the amount in controversy requirement is satisfied and that Plaintiff has the  burden to demonstrate, "to a legal certainty that the claim is really for less than the jurisdictional amount."[20]

## REMOVAL PROCEDURE

41.   A copy of this Notice of Removal is being served upon Plaintiff.

42.   A copy of the Notice to the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana, has been filed in that Court.[21]

43.   Defendant will hereafter file such other additional documents and pleadings as may

---

[20] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *See Also Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir. 1993).
[21] Exhibit "G" Notice to State Court of Removal

be required by 28 U.S.C. § 1447(b), or any Local Rule or other law or rule.

44. Defendant reserves and maintains its right to assert any defenses and submit any Motions in response to the Petition, including but not limited to those defenses and motions specifically enumerated in Rule 12(b) of the Federal Rules of Civil Procedure, any other Rule and any other applicable law or rule.

**WHEREFORE**, Defendant, Waffle House, Inc. hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ ROBERT A. MCKNIGHT*

**DONALD E. MCKAY, JR. (#14207)**
**TASHA H. HEBERT (#25703)**
**ROBERT A. McKNIGHT (#37939)**
**LEAKE & ANDERSSON, L.L.P.**
1100 Poydras Street, Suite 1700
New Orleans, LA 70163
Tel: (504) 585-7500
Fax: (504) 585-7775
Email: dmckay@leakeandersson.com
thebert@leakeandersson.com
rmcknight@leakeandersson.com
Attorneys for defendant, Waffle House Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, by depositing a copy of same in the United States mail, first class postage prepaid at their last known address of record, or by electronic mail, or by ECF Notice, or by facsimile transmission or by hand delivery today, **April 5, 2021.**

*/s/ ROBERT A. MCKNIGHT*

ROBERT A. MCKNIGHT